IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA, and
THE STATE OF MICHIGAN, ex rel.          CASE NO. 19-CV-13046
DETROIT INTEGRITY PARTNERS,

                                         Honorable Mark A. Goldsmith
 Plaintiff-Relator,                      Mag. Judge R. Steven Whalen

                                        **FILED UNDER SEAL**

v.

DETROIT NURSING CENTER, LLC,
MOROUN NURSING CENTER OF
    DETROIT, LLC,
FATHER MURRAY NURSING AND
    REHABILITATION CENTRE, LLC,
PARK NURSING CENTER OF
    TAYLOR, LLC,
COLONIAL HEALTH CARE CENTER, LLC,
WESTLAND NURSING AND
    REHABILITATION CENTRE, LLC,
OLYMPIA GROUP LLC,
VILLA FINANCIAL SERVICES, LLC,
VILLA HEALTHCARE MANAGEMENT, INC.,
VILLA OLYMPIA INVESTMENT, LLC,
JONAH BRUCK, LEONARD WEISS,
BENJAMIN ISRAEL, TODD STERN, and
MENACHEM "MARK" BERGER,

Defendants.
_____/

## STATE OF MICHIGAN'S NOTICE OF ELECTION TO INTERVENE IN PART FOR SETTLEMENT PURPOSES, AND TO DECLINE IN PART

Pursuant to the False Claims Act, 31 U.S.C. § 3730(b)(2) and (4), the State of

Michigan hereby notifies the Court of its decision to intervene in part of this case

for purposes of settlement, and to decline to intervene in part of this case.

The United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General (OIG-HHS) of the Department of Health and Human Services (HHS) (collectively, the "United States"); the State of Michigan, acting through the Michigan Department of Attorney General ("the State of Michigan"); Villa Financial Services LLC ("VFS"), Villa Olympia Investment LLC ("VOI"), Moroun Nursing Center of Detroit LLC d/b/a Ambassador, A Villa Center, Father Murray Nursing and Rehabilitation Centre LLC d/b/a Father Murray, A Villa Center, Detroit Nursing Center LLC d/b/a Imperial, A Villa Center, Park Nursing Center of Taylor LLC d/b/a Regency, A Villa Center, Colonial Health Care Center LLC d/b/a St. Joseph's, A Villa Center, Westland Nursing and Rehabilitation Centre LLC d/b/a Westland, A Villa Center (collectively, the "Defendant Nursing Homes" and, collectively with VFS and VOI, the "Settling Defendants"); and Detroit Integrity Partners (the "Relator") (hereafter, the United States, the State of Michigan, the Settling Defendants, and the Relator are collectively referred to as the "Parties") have concluded a final settlement of this matter that contemplates: (1) execution of a settlement agreement by the Parties (the "Settlement Agreement"); (2) payments by the Settling Defendants as set forth in the Settlement Agreement; and (3) the United States, the State of Michigan, and the Relator filing a Joint Stipulation of Dismissal of this case.

Specifically, the State of Michigan intervenes in this case with respect to civil claims against the Settling Defendants predicated upon the "Covered Conduct" as defined in the Settlement Agreement.  The State of Michigan declines intervention with respect to all other Defendants, and with respect to all other claims alleged against the Settling Defendants, apart from those based upon the Covered Conduct.

Under the terms and conditions of the Settlement Agreement, the United States, the State of Michigan, and the Relator will file a Joint Stipulation of Dismissal following the Settling Defendants' payment of the total settlement amount, subject to the terms of the Settlement Agreement.[1]  This Stipulation of Dismissal shall be: (a) with prejudice to the United States, the State of Michigan, and the Relator as to the Covered Conduct in the Settlement Agreement; (b) with prejudice to the Relator as to all other claims and Defendants in the Civil Action; and (c) without prejudice to the United States and the State of Michigan as to all other claims and Defendants in the Civil Action.

Finally, the State of Michigan requests that, as provided under 31 U.S.C. § 3730(b), the seal be lifted as to the Relator's Complaint (ECF No. 1), the Relator's

---

[1]  Pursuant to the terms of the Settlement Agreement, the Settling Defendants shall make the final payment within 12 months of the Effective Date of the Agreement.

First Amended Complaint (ECF No. 37), this Notice of Election, the Court's Order hereon, and that the seal not apply to any pleadings filed and orders entered subsequent to the filing of this Notice of Election, absent separate order of the Court. The State of Michigan respectfully requests that the seal be maintained as to all other pleadings filed and orders entered in this case prior to the filing of this Notice of Election.

The government has a significant interest in preserving the secrecy of its investigations into false claims against the government. *American Civil Liberties Union v. Holder*, 652 F. Supp. 2d 654, 666 (E.D. Va. 2009). The *qui tam* provisions of the False Claims Act provide a procedure for the government to report to the Court about the status of its investigation in order to demonstrate that good cause exists to extend the intervention deadline. These motions are for the Court alone, and in fact, the False Claims Act specifically provides that they may be submitted *in camera*. 31 U.S.C. § 3730(b)(3). In discussing the content and extent of the government's non-public investigation, including methods and thought processes for assessing Relator's allegations, these submissions were provided under § 3730(b)(3) to the Court alone for the sole purpose of evaluating whether the seal and time for making an election to intervene should be extended. *See id*. § 3730(b)(2)-(3) (providing only for unsealing of the *in camera* complaint).

The State of Michigan respectfully requests that the Court retain jurisdiction to address any disputes arising under the Settlement Agreement entered into by the Parties.

A proposed order is being submitted concurrently with this Notice.

Respectfully submitted,

DANA NESSEL
Attorney General

Brendan Maturen
Michigan Assistant Attorney General
Health Care Fraud Division
P.O. Box 30218
Lansing , Michigan 48909
Main: (517) 241 -6500

Dated:   June 18, 2025